STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-59

YANG ENTERPRISES, INC.,

      Plaintiff/Appellant

  v.

**DECISION ON APPEAL**

MAINE DEPARTMENT OF
TRANSPORTATION,

      Defendant/Appellee

and

RAYTHEON COMPANY,

      Party-in-Interest

This matter comes before the court on the complaint of Yang Enterprises, Inc.

(Yang) for review of final agency action by the Maine Department of Transportation

(MDOT) pursuant to 5 M.R.S.A. § 1825-F and M.R. Civ. P. 80C. The appeal is from a

decision of an Appeal Panel pursuant to 5 M.R.S.A. § 1825-E, which validated the

award of a contract for document imaging to party-in-interest Raytheon Company,

thereby rejecting Yang's proposal. The Appeal Panel's decision constitutes final

agency action appropriate for judicial review. Due to time constraints, the parties

have proposed that the court decide the appeal based on their written submissions

rather than wait for time to schedule additional oral argument. After reviewing the

parties' thorough briefs, the court sees nothing that would indicate a need for oral

argument.

1

## I.    Facts.

The Appeal Panel conducted an evidentiary hearing and heard the testimony of several witnesses. In its decision dated July 9, 2001, the Panel included several findings of fact which are not disputed. For purposes of this appeal, the findings can be summarized as follows.

MDOT advertised a Request for Proposals for a new document imaging system. Yang and Raytheon were among those who responded to the RFP. Among the requirements of the RFP was the following: "The bidder must supply a list of related projects that can attest to the bidder's experience and qualifications. An appropriate contact person with current address and phone number must be included for each project. The information the state has an interest in collecting includes but is not limited to: . . . " (Record, Exhibit 11, p. 8). In response, Yang referenced an electronic document management system which it had provided for the Florida Department of Transportation, and listed as the customer contact a Mr. Roy Cales, the chief information officer for the State of Florida. Elsewhere in the RFP, Yang included a brochure which featured a testimonial from a Mavis Georgalis, the project manager for the Electronic Document Management System at the Florida Department of Transportation.

During the review process, a rater who was to check references chose to call Ms. Georgalis, who the rater had seen give a presentation at a conference.[1] In

---

[1] The Appeal Panel decision does not mention the fact, but there is evidence of record which would have supported a finding that the rater called but was unable to reach Mr. Cales and that Cales never called back. (Record, Exhibit 18, pp. 21-22, 30).

contrast to the testimonial included in the Yang RFP, Ms. Georgalis's comments to the rater were critical of the company and led to a reduction in Yang's score. The final result was that Yang ended in third place and the contract was awarded to Raytheon. Yang appealed pursuant to the statute.

## II.   Discussion.

Yang argued before the Panel that the rater's contact with a reference at the Florida Department of Transportation other than the customer contact that was listed in the RFP, and the failure to follow up with Mr. Cales or Yang, was a procedural irregularity causing fundamental unfairness. After reviewing the entire record, the court agrees with the conclusion of the Panel that there is nothing within the rules or policy concerning the bidding of state contracts or the RFP of this contract in particular, which would prevent the rating officials from contacting any one other than the hand-picked contact listed by the bidder. Nor is there any requirement that MDOT make any more effort to contact the listed reference than was made or notify Yang that a reference had given critical comments. The Panel properly applied the "clear and convincing" evidentiary standard and found that Yang's appeal came up short. The Panel's findings were supported by substantial evidence in this record, is not contrary to any state statute or regulation and was no abuse of discretion.

On appeal, Yang argues for the first time that the procedure, or lack of procedure, used by MDOT in checking references violated Yang's constitutional

right to procedural due process.[2] Yang cites *Fichter v. Bd. of Environmental Protection*, 604 A.2d 433 (Me. 1992) in support of its argument that some form of due process is required for administrative proceedings. *Fichter* involved agency denial of an application to build a house on a sand dune, and whether the agency was required by due process to provide an adjudicatory hearing complete with cross-examination of witnesses and rebuttal. The court noted that due process requirements are flexible and that administrative arena procedure may be adjusted depending on a balance between the competing interest of the parties. The court quoted from the Supreme Court decision in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) for the propositions that not every administrative agency function requires judicial-style process and that there is a three-factor test to determine what process is required.

In considering the due process argument, it is important to remember what it is the MDOT was doing. The State is a great consumer of services and goods, and in this case MDOT was attempting to purchase a document imaging system through the competitive bidding process to get a product at the best value for the State. This is not a quasi-judicial or quasi-legislative function, rather it is a consumer-buying decision. Assuming that Yang has any property interest in the decision, it can only be the hope and expectation that it would be awarded the contract. The process allowed Yang to provide its own references and it did so, including, arguably, the

---

2 Since the Appeal Panel's authority is limited by statute to either validating or invalidating the contract award, the constitutional argument would have been beyond its jurisdiction.

testimonial of Ms. Georgalis. The risk that a bidder might erroneously be deprived of a contract because the State called a reference that was not the specific one designated by the bidder seems low and the possible value of requiring more extensive reference checks can be determined only on a case-by-case basis. Finally, the State's interest is in obtaining the best value for the taxpayer's dollar through the use of an efficient competitive bidding process. Regulations which would prohibit the purchasing agency from contacting references other than those specified by the bidder or requiring that the agency report negative comments to the bidder so the bidder can try to counteract them, would be contrary to the government's goals and well beyond any requirements of constitutional due process.

For the reasons stated above, the entry will be:

Appeal DENIED. REMANDED to the Maine Department of Administrative and Financial Services.

Dated: December____4____, 2001

S. Kirk Studstrup
Justice, Superior Court

5

Date Filed __8/8/01__ __Kennebec__ Docket No. __AP01-599__

County

Action ___80C Appeal___

# J. STUDSTRUP

YANG ENTERPRISES, INC.

vs.

MAINE DEPARTMENT OF TRANSPORTATION, et al

RAYTHEON COMPANY,
Party in Interest

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Brian Rayback, Esq.<br>One Monument Square<br>Portland ME 04101 | Richard N. Hewes, Esq. (8/20/01)<br>16 State House Station<br>Augusta, Maine 04333-0016<br><br>James T. Kilbreth, Esq. (8/27/01)<br>One Portland Square<br>Portland ME 04112-0586 |

| Date of Entry | |
|---|---|
| 8/13/01 | Complaint for Review of Final Agency Under M.R.Civ.P. 80C, filed. s/B. Rayback, Esq. (filed 8/8/01) |
| 8/20/01 | Defendant's Answer to Complaint for Review of Final Agency Action Under M.R.Civ.P. 80C, filed. s/Hewes, Esq. |
| 8/27/01 | Notice of Appearance of James T. Kilbreth, Esq. on behalf of Raytheon Company, Party-in-Interest, filed. s/J. Kilbreth, Esq. |
| 9/20/01 | Record, filed. s/Hewes, AAG **(in vault)** |
| 9/25/01 | Plaintiff's Rule 80C Brief, filed. s/Connors, Esq.<br>Motion to Expedite Rule 80C Appeal and Incorporated Memorandum of Law, filed. s/Connors, Esq.<br>Proposed Order, filed. |
| 10/2/01 | ORDER ON MOTION TO EXPEDITE, Studstrup, J.<br>Copies mailed to attys of record |
| 10/24/01 | Defendant-Appellee Maine Department of Transportation's Rule 80C Brief, s/Hewes, Esq. |
| 10/26/01 | Party-in-Interest Raytheon Company's Response to Plaintiff's Rule 80C Brief, filed. s/Kilbreth, Esq. |
| 11/7/01 | Plaintiff's Rule 80C Reply Brief, filed. s/B. Rayback, Esq. |
| 11/11/1 | Court to decide case on briefs. |
| 12/4/01 | DECISION AND ORDER, Studstrup, J.<br>Appeal DENIED. REMANDED to the Maine Department of Administrative and Financial Services.<br>Copies mailed to attys of record.<br>Notice of removal of record mailed to attys.<br><br>Copies mailed to Firestone, Garbrect Law Library and Goss. |